UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| Henry Burgess, Jr., | ) | Civil Action No. 4:03-1997-RBH-TER |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| -vs- | ) | REPORT AND |
| | ) | RECOMMENDATION |
| Wal-Mart Stores, Inc., | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

This matter is before the court on plaintiff's motion for default judgment pursuant to Rule 55, Fed.R.Civ.P. For the reasons that follow, it is recommended that plaintiff's motion be granted and a jury be empaneled to determine damages.

Plaintiff, proceeding *pro se* and *in forma pauperis*, filed his complaint on June 18, 2003, alleging violations of Title VII of the Civil Rights Act of 1964, as well as a pendent state law claim pursuant to South Carolina Code of Laws §41-1-80. A United States Marshal's return of service was filed September 25, 2003, indicating personal service upon Charlie Gurisco, General Manager of Sam's Club, on September 4, 2003. Plaintiff filed a motion on February 20, 2004, asking that defendant be allowed an additional 45 days to respond to the complaint. On March 9, 2004, at the direction of the court, the personnel in the Clerk of Court's office sent notice of a hearing by certified mail, return receipt requested to the plaintiff and defendant at 1946 10th Avenue North, Myrtle Beach, South Carolina. Return receipts were returned indicating receipt by the plaintiff and defendant (by Lee M. Cashwell) on March 10, 2004.

A hearing was initially convened on April 15, 2004. Plaintiff's motion was granted and

defendants were allowed an additional 45 days to respond to the complaint.

A copy of the summons and complaint was sent to Wal-Mart Stores at 10820 North Kings Highway, Myrtle Beach, South Carolina by certified mail, signed for by Sarah Hemingway on May 19, 2004.

Plaintiff filed a motion for default judgment (Document 13) on October 5, 2004. A notice of hearing was sent to plaintiff; Manager, Wal-Mart Stores, Inc., 10820 N Kings Hwy, Myrtle Beach, SC 29572; and Manager, Sam's Club, 1946 10th Ave N, Myrtle Beach, SC 29577. The notice was sent by certified mail, return receipt requested. Return receipts indicate plaintiff received notice on April 27, 2005, and individuals signed on behalf of Wal-Mart and Sam's Club on that date as well.

A hearing was held on May 11, 2005, as scheduled. Plaintiff was present and testified. Defendant was not present for the hearing. Plaintiff testified that Wal-Mart Stores, Inc., owns and operates Sam's Club located at 1946 10th Avenue North, Myrtle Beach, South Carolina, that he was employed at the Sam's Club location during the times relevant to the allegations in the complaint, and that he was paid with checks indicating Wal-Mart Stores, Inc., as the payor. He further testified that Wal-Mart Stores, Inc., was his employer, that Charlie Gurisco was employed by Wal-Mart Stores, Inc., as the general manager of the Sam's Club, and that Wal-Mart Stores, Inc., and Sam's Club shared management.

Rule 4(h), Fed.R.Civ.P., provides that a corporation may be served by "delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or to any other agent authorized by appointment or by law to receive service of process . . . ." Rule 4(h)(1) also allows service in the manner prescribed by the applicable state law. Rule 4(d)(3), S.C.R.Civ.P., contains the same language found in Rule 4(h) quoted above. It appears that plaintiff has presented sufficient,

undisputed evidence of proper service of process upon Charlie Gurisco.  See Schenk v. National Health Care, Inc., 322 S.C. 316, 471 S.E.2d 736, 738(S.C. App. 1996); See generally 71 A.L.R.2d 178.

Plaintiff alleges a cause of action for intentional discrimination under Title VII.  In his complaint he alleges that he was "electrocuted" while employed at the Sam's Club location and subsequently filed a worker's compensation claim.  He alleges that following the filing of the worker's compensation claim, false allegations were made against him involving his performance as an employee.  He alleges his employment was terminated, that the termination was a result of racial discrimination, and that he was treated "more harshly than white employees."  He claims that his discharge was a result of racial discrimination and in violation of S.C. Code §41-1-80.

The allegations of the complaint clearly allege that defendant terminated plaintiff's employment (1) in retaliation for his filing a worker's compensation claim and (2) because of his race.  Therefore, plaintiff's allegations fall under 42 U.S.C. §2000e-2(m), the mixed-motive provision of Title VII.  In other words, plaintiff's complaint establishes that despite the existence of a nondiscriminatory reasons for the adverse employment action, a discriminatory factor (i.e., race) was a motivating factor in the decision.  Hill v. Lockheed Martin Logistics Management, Inc., 354 F.3d 277, 284-86 (4th Cir. 2004).

§41-1-80 prohibits an employer from discharging an employee because the employee has filed, in good faith, a proceeding under the South Carolina Workers' Compensation Law.  The allegations of the complaint establishes the necessary elements of a violation of §41-1-80.

Accordingly, plaintiff is entitled to a default judgment for his claim under 42 U.S.C. §2000e-2(m), as well as S.C. Code §41-1-80.

Therefore, it is **Recommended** that plaintiff's motion for default judgment (Document 13) be **granted.** Damages are not liquidated and the plaintiff has requested a trial by jury. Therefore, pursuant to Rule 55(b)(2), Fed.R.Civ.P., it is further **recommended** that this matter be set for jury selection and a hearing convened to determine the amount of damages and the truth of any averments or investigation of any other matter the district judge deems necessary and proper.

May 27, 2005                                            s/Thomas E. Rogers, III
Florence, South Carolina                       Thomas E. Rogers, III
                                                              United States Magistrate Judge