IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| Henry Burgess, Jr., ) | |
| ) | C/A No. 4:03-1997-RBH |
| Plaintiff, ) | |
| ) | |
| vs. ) | **O R D E R** |
| ) | |
| Wal-Mart Stores, Inc., ) | |
| ) | |
| Defendant. ) | |
| ) | |

    This matter is before the court on plaintiff's motion for default judgment[1] pursuant to Rule 55, Federal Rule of Civil Procedure. For the reasons that follow, plaintiff's motion is granted and a jury is to be empaneled to determine damages.

    Plaintiff, proceeding *pro se* and *in forma pauperis*, filed his complaint on June 18, 2003, alleging violations of Title VII of the Civil Rights Act of 1964, as well as a pendent state law claim pursuant to South Carolina Code of Laws § 41-1-80. A United States Marshal's return of service was filed September 25, 2003, indicating personal service upon Charlie Gurisco, General Manager of Sam's Club, on September 4, 2003. Plaintiff filed a motion on February 20, 2004, asking that defendant be allowed an additional forty-five (45) days to respond to the complaint. On March 9, 2004, at the direction of the court, the personnel in the Clerk of Court's office sent notice of a hearing by certified mail, return receipt requested to the plaintiff and defendant at 1946 10 Avenue North, Myrtle Beach, South Carolina. Return receipts were returned indicating receipt by the plaintiff and defendant (by Lee M. Cashwell) on March 10, 2004. A hearing was initially convened on April 15,

---

[1] While the plaintiff has moved this Court for a default judgment, it is only proper for the Court at this time to consider plaintiff's motion as one for default. Since there is no sum certain in the instant matter a hearing will have to be held to determine the amount of any damages before a default judgment can be entered.

2004. Plaintiff's motion was granted and defendants were allowed an additional forty-five (45) days to respond to the complaint.

A copy of the summons and complaint was sent to Wal-Mart Stores at 10820 North Kings Highway, Myrtle Beach, South Carolina by certified mail, signed for by Sarah Hemingway on May19, 2004.

Plaintiff filed a motion for default judgment on October 5, 2004. A notice of hearing was sent to plaintiff; Manager, Wal-Mart Stores, Inc., 10820 N Kings Hwy, Myrtle Beach, SC 29572; and Manager, Sam's Club, 1946 10th Ave N, Myrtle Beach, SC 29577. The notice was sent by certified mail, return receipt requested. Return receipts indicate plaintiff received notice on April 27, 2005, and individuals signed on behalf of Wal-Mart and Sam's Club on that date as well.

A hearing was held on May 11, 2005, as scheduled. Plaintiff was present and testified. Defendant was not present for the hearing. Plaintiff testified that Wal-Mart Stores, Inc., owns and operates Sam's Club located at 1946 10 Avenue North, Myrtle Beach, South Carolina, that he was employed at the Sam's Club location during the times relevant to the allegations in the complaint, and that he was paid with checks indicating Wal-Mart Stores, Inc., as the payor. He further testified that Wal-Mart Stores, Inc., was his employer, that Charlie Gurisco was employed by Wal-MartStores, Inc., as the general manager of the Sam's Club, and that Wal-Mart Stores, Inc., and Sam's Club shared management.

Rule 4(h), Fed.R.Civ.P., provides that a corporation may be served by "delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or to any other agent authorized by appointment or by law to receive service of process. . . ." Rule 4(h)(1) also allows service in the manner prescribed by the applicable state law. Rule 4(d)(3), S.C.R.Civ.P., contains the

same language found in Rule 4(h) quoted above. It appears that plaintiff has presented sufficient, undisputed evidence of proper service of process upon Charlie Gurisco. See Schenk v. NationalHealth Care, Inc., 471 S.E.2d 736, 738 (S.C. Ct. App. 1996); See generally 71 A.L.R.2d178.

In accordance with 28 U.S.C. § 636(b) and Local Rule 73.02, D.S.C., this matter was referred to United States Magistrate Judge Thomas E. Rogers, III for a Report and Recommendation. The Magistrate Judge filed a Report and Recommendation on May 27, 2005 in which he recommended that default judgment be granted because, despite being served, defendant has failed to respond to the complaint. No objections to the Report and Recommendation have been filed.

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight. The responsibility for making a final determination remains with this Court. *Mathews v. Weber*, 423 U.S. 261, 270 (1976). The Court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or may recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1). In the absence of objections to the Report, this court is not required to give any explanation for adopting the recommendation. *Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983).

The Court has reviewed the Report, pleadings, memoranda, and applicable law. The Court adopts the Report and Recommendation and incorporates it, as modified, herein by reference. Accordingly, plaintiff's motion is **GRANTED**, the defendant is now held in default, and it is further **ORDERED** that this matter be set for jury selection and a hearing convened to determine the amount of damages pursuant to Rule 55(b)(2). The plaintiff's attention is directed to the "Consent to Exercise of Jurisdiction by a United States Magistrate Judge." If the plaintiff so desires and returns the signed form to the Clerk of Court, the Magistrate Judge who has heard all pretrial matters and who is familiar

with this case can preside over plaintiff's damages trial with a jury.

    **IT IS SO ORDERED**.

                                            s/ R. Bryan Harwell
                                            R. Bryan Harwell
                                            United States District Judge

September 30, 2005
Florence, South Carolina

# UNITED STATES DISTRICT COURT
### DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Henry Burgess, Jr., | ) | NOTICE, CONSENT AND ORDER |
| | ) | OF REFERENCE - EXERCISE OF |
| | ) | JURISDICTION BY A UNITED |
| Plaintiff, | ) | STATES MAGISTRATE JUDGE |
| v. | ) | |
| | ) | |
| Wal-Mart Stores, Inc., | ) | C/A No.: 4:03-1997-RBH |
| Defendant. | ) | |

## NOTICE OF AVAILABILITY OF A UNITED STATES MAGISTRATE JUDGE TO EXERCISE JURISDICTION

In accordance with the provisions of 8 U.S.C. § 636(c), and Fed. R. Civ. P. 73, you are hereby notified that a United States magistrate judge of this district court is available to conduct any or all proceedings in this case including a jury or nonjury trial, and to order the entry of a final judgment. Exercise of this jurisdiction by a magistrate judge is, however, permitted only if all parties voluntarily consent.

You may, without adverse substantive consequences, withhold your consent, but this will prevent the court's jurisdiction from being exercised by a magistrate judge. If any party withholds consent, the identity of the parties consenting or withholding consent will not be communicated to any magistrate judge or to the district judge to whom the case has been assigned.

An appeal from a judgment entered by a magistrate judge shall be taken directly to the United States court of appeals for this judicial circuit in the same manner as an appeal from any other judgment of a district court.

**CONSENT TO THE EXERCISE OF JURISDICTION BY A UNITED STATES MAGISTRATE JUDGE**

In accordance with the provisions of 28 U.S.C. § 636(c) and Fed. R. Civ. P. 73, the parties in this case hereby voluntarily consent to have a United States magistrate judge conduct any and all further proceedings in the case, including the trial, order the entry of a final judgment, and conduct all post-judgment proceedings.

| Signatures | Party Represented | Date |
|---|---|---|
| _____ | _____ | _____ |
| _____ | _____ | _____ |
| _____ | _____ | _____ |

## ORDER OF REFERENCE

IT IS HEREBY ORDERED that this case be referred to Thomas E. Rogers, III, United States Magistrate Judge, for all further proceedings and the entry of judgment in accordance with 28 U.S.C. § 636(c), Fed. R. Civ. P. 73 and the foregoing consent of the parties.

_____     _____
Date                                United States District Judge