IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| Henry Burgess, Jr., )  <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> Wal-Mart Stores, Inc., ) <br> ) <br> Defendant. ) <br> ) | C/A No. 4:03-1997-RBH <br><br> **O R D E R** |

Plaintiff, proceeding *pro se* and *in forma pauperis*, filed his complaint on June 18, 2003, alleging violations of Title VII of the Civil Rights Act of 1964, as well as a pendent state law claim pursuant to S.C. Code Ann. § 41-1-80. On September 30, 2005, this court adopted the Magistrate Judge's Report and Recommendation and granted the plaintiff's motion for default. On May 11, 2006, a damages hearing was held pursuant to Rule 55(b)(2) of the Federal Rules of Civil Procedure. The plaintiff consented to the damages hearing being heard by the court and not a jury. The defendant has never made an appearance in this case, despite earlier notices of the action as more particularly set out in this court's Order dated September 30, 2005, and therefore, the defendant was not entitled to notice of the damages hearing.

At the damages hearing, the plaintiff's only witness was himself. The plaintiff offered three (3) exhibits, in addition to his testimony. Two of the exhibits referenced the plaintiff's workers compensation claim and his settlement with the defendant regarding the workers compensation claim. As mentioned above, the plaintiff brought suit for racial discrimination under federal law, as well as a claim under S.C. Code Ann. § 41-1-80 for retaliatory discharge due to his filing a workers compensation claim, however, much of the plaintiff's testimony appeared to focus on the state law claim of retaliatory

discharge associated with filing a workers compensation claim. Plaintiff testified that when he filed the workers compensation claim all of the problems he encountered with the defendant began. Plaintiff indicated that this matter involving the defendant was very stressful upon him and his family, particularly with regard to difficulties in not being able to provide for his family (the plaintiff indicated he has four daughters) and his embarrassment in not being able to help his children with costs related to their school activities.

Pursuant to S.C. Code Ann. § 41-1-80, an employee can recover lost wages (back pay) and can also ask for reinstatement. There are no other elements of damages allowed under this statute. The plaintiff in this case has not requested reinstatement. Under the federal discrimination claim, which also allows recovery for back pay, there are additional elements of damages allowed, such as front pay, pain, suffering, physical or emotional distress, and in an appropriate case, punitive damages.

At the damages hearing, the plaintiff also presented an exhibit (No. 3) in which he calculated his damages. While the plaintiff appeared to be credible, his testimony establishing how he calculated the amounts included in exhibit No. 3 was lacking to some extent, however, not totally. For example, the plaintiff did not present this court with exhibits such as paystubs, W-2's, or tax returns. Therefore, the court felt it necessary to illicit certain testimony regarding the plaintiff's wages at the time of his termination from the defendant and his wages with other employers since his termination from the defendant. The court finds the plaintiff's testimony regarding these matters credible.

The plaintiff was terminated on February 6, 2002. According to the plaintiff's testimony, he worked as an auto technician for the defendant earning $9.25 an hour. Plaintiff indicates that he worked approximately 39.5 hours per week with the defendant. This would result in weekly pay of $365.37. Plaintiff testified that he was unemployed, despite attempts to find work, until December of 2003, when

he worked at a slaughter house for two and a half weeks. The plaintiff indicated that at the slaughter house he earned $6.25 an hour, and worked approximately 20 hours per week. Plaintiff indicated he worked this job to earn Christmas money for his family. Plaintiff also testified that he began working at a Subway sandwich shop in February of 2004 until August of 2004 at the rate of pay of $6.50 an hour. Plaintiff indicated that he worked at the Subway an average of 30 to 35 hours per week. Plaintiff's employment at Subway ended in August of 2004. Also, in August of 2004, the plaintiff began working at Costco in Myrtle Beach, South Carolina, doing primarily the same work as he did with the defendant, but with additional duties. The plaintiff indicated his hours range from 25 to 38 hours per week at Costco and his rate of pay is $10.50 an hour.

Based on the testimony of the plaintiff, the court finds that he is entitled to an award of actual damages. The court notes that Plaintiff's exhibit No.3 requests $17,664.00 in "lost back wages," and $25,000.00 for "lost benefits, sick days, and vacation days."[1] The plaintiff also seeks $7,200.00 for expenses associated with finding other work, however, his testimony is unclear as to how he arrived at this figure. Nevertheless, the court finds the plaintiff's testimony was sufficient regarding the wages lost and that the plaintiff's calculation of $17,664.00 as his "lost back wages" is fair and reasonable. As such, the court will award $17,664.00 to the plaintiff in back pay.

With regard to future wages, the plaintiff has presented no testimony, nor evidence sufficient to allow this court to consider a claim for future wage loss. As earlier noted, lost wages are the only element of damage allowed under S.C. Code Ann. § 41-1-80. However, other compensatory damages may be awarded under the federal discrimination laws. As noted earlier, the plaintiff focused much of

---

[1] The court presumes that this $25,000.00 amount is the plaintiff's calculation of front pay, as he requested "lost future wages" in his complaint.

his testimony on the state law claim, however, the defendant is also in default on the federal discrimination claim, and therefore, other compensatory damages may be awarded. This court deems the amount of $7,500.00 to be an appropriate amount of other compensatory damages based on the testimony of the plaintiff.

Therefore, the plaintiff is hereby awarded a total amount of actual damages in an amount of $21,164.00. With regard to punitive damages, the plaintiff has not produced sufficient evidence or testimony to establish a foundation for an award of punitive damages, and therefore, they are denied.

**IT IS THEREFORE ORDERED** that the plaintiff is hereby awarded $21,164.00 in actual damages, plus usual and customary costs pursuant to Rule 54(d) of the Federal Rules of Civil Procedure. Default judgment in favor of the plaintiff shall be entered against the defendant in this amount.

**IT IS SO ORDERED.**

                                    s/ R. Bryan Harwell
                                    R. Bryan Harwell
                                    United States District Judge

May 19, 2006
Florence, South Carolina